United States Bankruptcy Court

Eastern District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 23-11974-amc |
| Keon Frank | Chapter 13 |
|     Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0313-2 | User: admin | Page 1 of 2 |
| Date Rcvd: Feb 11, 2025 | Form ID: pdf900 | Total Noticed: 1 |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 13, 2025:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | Keon Frank, 3812 Dresher Road, Bensalem, PA 19020-1420 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 13, 2025                Signature:    /s/Gustava Winters

---

## CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 11, 2025 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| CAROL B. MCCULLOUGH | on behalf of Debtor Keon Frank mccullough@ymalaw.com cbmccullough64@gmail.com;mccullough.carolb124134@notify.bestcase.com |
| DENISE ELIZABETH CARLON | on behalf of Creditor U.S. Bank National Association  not in its individual capacity but solely as trustee for RMTP Trust, Series 2021 Cottage-TT-V bkgroup@kmllawgroup.com |
| KENNETH E. WEST | ecfemails@ph13trustee.com  philaecf@gmail.com |
| LAUREN MOYER | on behalf of Creditor Rushmore Loan Management Services  LLC as servicer for U.S. Bank National Association, not in its individual capacity but solely as trustee for RMTP Trust, Series 2021 Cottage-TT-V bkecf@friedmanvartolo.com |
| PAUL H. YOUNG | on behalf of Debtor Keon Frank support@ymalaw.com ykaecf@gmail.com,paullawyers@gmail.com,pyoung@ymalaw.com;youngpr83562@notify.bestcase.com,tkennedy@ymalaw.com,lesliebrown.paralegal@gmail.com,cmccullough@ymalaw.com |
| United States Trustee | USTPRegion03.PH.ECF@usdoj.gov |

District/off: 0313-2 User: admin Page 2 of 2
Date Rcvd: Feb 11, 2025 Form ID: pdf900 Total Noticed: 1
TOTAL: 6

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Keon Frank aka Keon M. Frank aka Keon Michael Frank<br><br>Debtor(s) | CHAPTER 13 |
| U.S. Bank National Association, not in its individual capacity but solely as trustee for RMTP Trust, Series 2021 Cottage-TT-V<br>Moving Party<br>vs. | NO. 23-11974 AMC |
| Keon Frank aka Keon M. Frank aka Keon Michael Frank<br>Debtor(s) | 11 U.S.C. Section 362 |
| Kenneth E. West<br>Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. As of January 21, 2025, the post-petition arrearage on the mortgage held by Movant on Debtor's residence is **$10,392.02**. Post-petition funds received after January 21, 2025, will be applied per the terms of this Stipulation as outlined herein. The arrearage is itemized as follows:

| | |
|---|---|
| Post-Petition Payments: | October 2024 through November 2024 at $2,498.58 each |
| | December 2024 through February 2025 at $2,622.04 each |
| Suspense Balance: | ($2,471.26) |
| **Total Post-Petition Arrears:** | **$10,392.02** |

2. The Debtor shall cure said arrearages in the following manner:

   a). Within seven (7) days of the filing of this Stipulation, Debtor shall file an Amended Chapter 13 Plan to include the post-petition arrears of **$10,392.02**.

   b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$10,392.02** along with the pre-petition arrears.

   c). The new 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3. Beginning with the payment due **March 2025** and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of **$2,622.04** (or as adjusted pursuant to the terms of

the mortgage) on or before the first (1ˢᵗ) day of each month (with late charges being assessed after the 15ᵗʰ of the month).

4. Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5. In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the court and the court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:   January 29, 2025            /s/ Denise Carlon
                                    Denise Carlon, Esq.
                                    Attorney for Movant

Date:   2/6/25                      [signature]
                                    Carol B. McCullough
                                    Attorney for Debtor

Date:   2/6/2025                    /s/ Jack K. Miller, Esquire  *for*
                                    Kenneth E. West
                                    Chapter 13 Trustee

*I have no objection to its terms, without prejudice to any of our rights and remedies*

Approved by the Court this __11th__ day of __Feb._____, 2025. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Ashely M. Chan